IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr271

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| KESHIA BURRIS (6) | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine offenses (Doc. No. 432), and the government's response (Doc. No. 440).

The defendant pled guilty to conspiring to possess cocaine base with intent to distribute. (Doc. No. 345: Judgment at 1). At sentencing, the Court determined that the amount of crack cocaine reasonably foreseeable to the defendant was more than 1.5 kilograms. (Doc. No. 346: Statement of Reasons (SOR) at 1; Presentence Report (PSR) at ¶ 39). The resulting offense level of 38 was increased by 3 for using underage persons and firearms in the conspiracy (PSR at ¶¶ 39, 40), and reduced by 3 for acceptance of responsibility (PSR at ¶ 46). Combined with a criminal history category of III, the resulting advisory guideline range was 292-365 months. (Doc. No. 346: SOR at 1). The government moved for a downward departure pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e). (Doc. No. 328: Motion). After granting the motion, the Court sentenced the defendant to 71 months' imprisonment, which was 24% of the low end of the range.

The defendant moves to reduce her sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 432). However, she incorrectly argues that the amended guideline range is determined by subtracting two offense levels from the

effective range of the defendant's original sentence.[1] As amended, USSG §1B1.10(b)(1) directs courts to determine the guideline range as if the amendments had been in place at the time of sentencing.  If the defendant originally received a sentence less than the guideline range in effect at that time, a comparably lesser sentence may be imposed upon resentencing. USSG §1B1.10(b)(2)(B) and cmt. n.3.

The amended offense level for possessing at least 1.5 kilograms of cocaine base is 36. USSG Supp. to Appx. C., Amend. 706 (2007).  The addition of 3 levels for offense characteristics and the subtraction of three levels for acceptance of responsibility, results in a total offense level of 36.  The amended guideline range, given a criminal history category of III, is 235-293 months. Applying the comparable reduction for substantial assistance to the low end of that range yields a 56-month sentence, which the government recommends imposing (Doc. No. 440: Response at ¶ 9).  The Bureau of Prisons has credited the defendant with serving approximately 50 months' incarceration. (Doc. No. 434: PSR Supplement at 1).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** and the defendant's sentence is reduced to 56 months' imprisonment.

---

[1] The defendant's 71-month sentence falls within the guideline range for an offense level 25 and criminal history category III. USSG §5A (Sentencing Table).  Without explanation, the defendant argues that her amended offense level is 23, with a resulting range of 51-71 months. (Doc. No. 432: Motion at 4).

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office, the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Office, as a condition of supervised release. All other terms and conditions previously imposed remain unchanged.

The Clerk is directed to certify copies of this Order to the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: August 20, 2008

Robert J. Conrad, Jr.
Chief United States District Judge